UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEKSANDRA SAJDAK, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>NEW PENN FINANCIAL LLC, d/b/a )<br>SHELLPOINT MORTGAGE )<br>SERVICING, )<br>)<br>DEFENDANT. )<br>) | Civil Action No. 17-cv-04388<br><br><br><br><br><br><br><br>**<u>Jury Demanded</u>** |

# **<u>COMPLAINT</u>**

Plaintiff Aleksandra Sajdak brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and alleges:

## **<u>JURISDICTION AND VENUE</u>**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **<u>STANDING</u>**

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury as a result of Defendant's attempt to collect a debt from him while he was protected by an automatic stay arising from his bankruptcy filing.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, ALEKSANDRA SAJDAK ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a payment on a mortgage account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, New Penn Financial LLC ("SMS") is a Pennsylvania LLC doing business as Shellpoint Mortgage Solutions with its principal place of business at 4000 Chemical Road, Suite 200, Plymouth, Pennsylvania 19462. (Exhibit A, Record from Illinois Secretary of State)

8. The practice of SMS consists of the collection of alleged defaulted consumer debts owed, if at all, to others.

9. SMS uses the mails and telephone system in conducting its business.

10. SMS regularly collects or attempts to collect defaulted consumer debts, and is a debt collector, as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services

used for personal family or household purposes, originally for a Chase mortgage on her property ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

13. Chase subsequently assigned the debt to Shellpoint for collection.

14. Plaintiff filed a Chapter 7 bankruptcy petition in a matter styled *In re: Aleksandra Sajdak* N.D. Ill. Bankr. No. 1:17-bk-6131. Among the creditors included in the bankruptcy was the debt she allegedly owed for the Chase Mortgage account. Accordingly, on March 3, 2017, Chase Mortgage was sent, via U.S. Mail, notice of the bankruptcy by the court. (Exhibit B, Notice of Chapter 7 Bankrupcy Case).

15. The stay prevents (without need to ask a court for an injunction) a race by the creditors to seize the debtor's assets, a race that by thwarting the orderly liquidation of those assets would yield the creditors as a group less than if they are restrained. *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 879 (7th Cir. 2001).

16. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files of the creditor and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis' Banko.

17. Nonetheless, on or around April 28, 2017, Shellpoint sent a letter ("Letter") regarding the alleged debt to Plaintiff. (Exhibit C, Collection Letter).

18. The Letter conveyed information regarding the alleged debt, including a file number, the original creditor and a balance due.

19. Thus, the Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

20. The FDCPA prohibits a debt collector from continuing to demand payment of a debt that a consumer has indicated she refuses to pay.

21. Here, the bankruptcy notices issued by the court (Exhibit B) provided notice that Plaintiff refused to pay this (and other) alleged debts.

22. 15 U.S.C. § 1692c of the FDCPA provides as follows:

**Ceasing communication**

**If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . . .**

23. SMS communicated with Plaintiff in violation of 15 U.S.C. 1692c, when it contacted Plaintiff after knowing he had refused to pay an alleged debt.

24. In fact, there was nothing immediately due and owing, as Plaintiff was protected by a stay arising from his bankruptcy case.

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**

   **(A) the character, amount, or legal status of any debt; or…**
**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

26. SMS misrepresented that an alleged debt was immediately owed, and took an action it was not permitted to take, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) when it contacted the Plaintiff while she was under the protection of an automatic stay.

27. A demand for immediate payment from a debtor while the debtor is in bankruptcy (or after the debt's discharge) is "false" in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) (analyzing a listed debt from the perspective of the debtor).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

29. RTR communicated with Plaintiff in violation of 15 U.S.C. 1692c, when it contacted Plaintiff after knowing she had refused to pay an alleged debt.

30. RTR misrepresented that an alleged debt was immediately owed, and took an action it was not permitted to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) when it sent an e-mail to the Plaintiff indicating that a debt was immediately owed while she was under the protection of an automatic bankruptcy stay.

WHEREFORE, Plaintiff requests that this Court enter judgment in Plaintiff's favor and against Defendant as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
     Celetha C. Chatman

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com